Laura Egerman
McCalla Raymer Leibert Pierce, LLP
485F US Highway 1 S
Suite 300
Iselin, NJ 08830
Telephone: (732) 902-5399
NJ_ECF_Notices@mccalla.com
Attorneys for Movant

Order Filed on October 8, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 13 |
|---|---|
| Parker G Becker, | Case No. 25-10297-JNP |
| | Hearing Date: October 1, 2025 at 10:00 a.m . |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

**CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

The relief set forth on the following pages, number two (2) through four (4) is hereby

**ORDERED**

**DATED: October 8, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Debtor: Parker G Becker
Case No.: 25-10297-JNP
Caption of Order: **CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

---

The undersigned parties resolved Bridgecrest Acceptance Corporation, ("Secured Creditor") Objection to Plan Confirmation and agree to following treatment of the claim filed by Secured Creditor through Parker G Becker's ("Debtor") Chapter 13 Plan (the "Plan"), with respect to the 2013 Dodge Grand Caravan Extended Passenger Van SE 3.6L V6, VIN# 2C4RDGBG0DR660307, (the "Collateral"), as follows and have consented to the entry of the within Order, and for good cause shown;

**ORDERED AS FOLLOWS:**

1. The Objection to Plan Confirmation, Docket Entry #19, is hereby resolved by this Consent Order.

2. The parties hereby agree that Secured Creditor has a fully secured claim in the amount of $3,500.00 (the "Secured Claim"), which shall be paid over sixty (60) months at 10.5% per annum through Debtor's Plan for a total of $4,513.72 to be paid on Secured Creditor's Secured Claim through this Chapter 13 bankruptcy case. The remainder of Secured Creditor's filed claim #12 has been deemed an unsecured claim of the Debtor's bankruptcy estate.

3. In the event of any future default on any of the above-described provisions, <u>prior to the Debtor receiving a discharge and the entry of a final decree</u>, Secured Creditor may file a certification of default with the Court seeking relief from the automatic stay. In the event of any future default on any of the above-described provisions <u>after the Debtor receives a discharge and the entry of a final decree</u>, Secured Creditor shall proceed with default remedies under the terms of the Security Agreement and pursuant to applicable state law.

Page 3

| | |
|---|---|
| Debtor: | Parker G Becker |
| Case No.: | 25-10297-JNP |
| Caption of Order: | **CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION** |

---

4. The terms of this Consent Order shall be incorporated into any Amended Plan and/or the Order of Confirmation. In the event of any discrepancy between the terms of this Consent Order and the terms of the Debtor's Plan, the terms of this Consent Order shall control the treatment of Secured Creditor's claim.

5. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 13 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Consent Order shall be void and Secured Creditor shall retain its lien in the full amount due under the Note.

6. In the event the Debtor seeks to sell the Collateral prior to the Debtor's receipt of a discharge and entry of a final decree, the parties shall retain all rights under 11 U.S.C. §363. In the event the Debtor sells the Collateral or seeks to prepay Secured Creditor's Secured Claim prior to the Debtor's receipt of a discharge and entry of a final decree, Secured Creditor shall retain its lien in the full amount due under the Note.

7. Secured Creditor shall not be required to release the loan from bankruptcy status and release its lien on the Collateral statements until entry of a Chapter 13 discharge order and the close of the Debtor's Chapter 13 case. Upon the entry of a Chapter 13 discharge order and the close of the Debtor's Chapter 13 case, Secured Creditor shall have thirty (30) days to release the loan from bankruptcy status and commence steps toward releasing its lien on the Collateral.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Page 4

Debtor: Parker G Becker
Case No.: 25-10297-JNP
Caption of Order: **CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

---

Consent to Form and Entry

McCalla Raymer Leibert Pierce, LLP
Attorney for the Secured Creditor

By: /s/ Laura Egerman
    Laura Egerman

Date: 10/03/2025

Law Office of Barbara J. Snavely
Attorney for the Debtor

By: Barbara J. Snavely

Date: 10/1/25