Laura Egerman
McCalla Raymer Leibert Pierce, LLP
485F US Highway 1 S
Suite 300
Iselin, NJ 08830
Telephone: (732) 902-5399
NJ_ECF_Notices@mccalla.com
Attorneys for Movant

**Order Filed on October 8, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | Chapter 13 |
|---|---|
| Parker G Becker, | Case No. 25-10297-JNP |
|  | Hearing Date: October 1, 2025 at 10:00 a.m. |
| Debtor. | Judge: Jerrold N. Poslusny, Jr. |

**CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

The relief set forth on the following pages, number two (2) through four (4) is hereby

**ORDERED**

**DATED: October 8, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2

Debtor: Parker G Becker
Case No.: 25-10297-JNP
Caption of Order: **CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

The undersigned parties resolved Bridgecrest Acceptance Corporation, ("Secured Creditor") Objection to Plan Confirmation and agree to following treatment of the claim filed by Secured Creditor through Parker G Becker's ("Debtor") Chapter 13 Plan (the "Plan"), with respect to the 2013 Dodge Grand Caravan Extended Passenger Van SE 3.6L V6, VIN# 2C4RDGBG0DR660307, (the "Collateral"), as follows and have consented to the entry of the within Order, and for good cause shown;

**ORDERED AS FOLLOWS:**

1. The Objection to Plan Confirmation, Docket Entry #19, is hereby resolved by this Consent Order.

2. The parties hereby agree that Secured Creditor has a fully secured claim in the amount of $3,500.00 (the "Secured Claim"), which shall be paid over sixty (60) months at 10.5% per annum through Debtor's Plan for a total of $4,513.72 to be paid on Secured Creditor's Secured Claim through this Chapter 13 bankruptcy case. The remainder of Secured Creditor's filed claim #12 has been deemed an unsecured claim of the Debtor's bankruptcy estate.

3. In the event of any future default on any of the above-described provisions, <u>prior to the Debtor receiving a discharge and the entry of a final decree</u>, Secured Creditor may file a certification of default with the Court seeking relief from the automatic stay. In the event of any future default on any of the above-described provisions <u>after the Debtor receives a discharge and the entry of a final decree,</u> Secured Creditor shall proceed with default remedies under the terms of the Security Agreement and pursuant to applicable state law.

Page 3

Debtor: Parker G Becker
Case No.: 25-10297-JNP
Caption of Order: **CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

---

4. The terms of this Consent Order shall be incorporated into any Amended Plan and/or the Order of Confirmation. In the event of any discrepancy between the terms of this Consent Order and the terms of the Debtor's Plan, the terms of this Consent Order shall control the treatment of Secured Creditor's claim.

5. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 13 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Consent Order shall be void and Secured Creditor shall retain its lien in the full amount due under the Note.

6. In the event the Debtor seeks to sell the Collateral prior to the Debtor's receipt of a discharge and entry of a final decree, the parties shall retain all rights under 11 U.S.C. §363. In the event the Debtor sells the Collateral or seeks to prepay Secured Creditor's Secured Claim prior to the Debtor's receipt of a discharge and entry of a final decree, Secured Creditor shall retain its lien in the full amount due under the Note.

7. Secured Creditor shall not be required to release the loan from bankruptcy status and release its lien on the Collateral statements until entry of a Chapter 13 discharge order and the close of the Debtor's Chapter 13 case. Upon the entry of a Chapter 13 discharge order and the close of the Debtor's Chapter 13 case, Secured Creditor shall have thirty (30) days to release the loan from bankruptcy status and commence steps toward releasing its lien on the Collateral.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Page 4

Debtor: Parker G Becker
Case No.: 25-10297-JNP
Caption of Order: **CONSENT ORDER RESOLVING PLAN OBJECTION AND OUTLINING THE TREATMENT OF SECURED CREDITOR BRIDGECREST ACCEPTANCE CORPORATION**

Consent to Form and Entry

McCalla Raymer Leibert Pierce, LLP
Attorney for the Secured Creditor

By: /s/ Laura Egerman
    Laura Egerman

Date: 10/03/2025

Law Office of Barbara J. Snavely
Attorney for the Debtor

By: Barbara J. Snavely
    Barbara J. Snavely

Date: 10/1/25

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 25-10297-JNP |
| Parker G Becker | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 08, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 10, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Parker G Becker, 9 Pennsylvania Avenue, Stratford, NJ 08084-1727 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 10, 2025          Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 8, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew B Finberg | courtmail@standingtrustee.com ecf.mail_9022@mg.bkdocs.us |
| Andrew B Finberg | on behalf of Trustee Andrew B Finberg courtmail@standingtrustee.com ecf.mail_9022@mg.bkdocs.us |
| Barbara J. Snavely | on behalf of Debtor Parker G Becker jjresq1@comcast.net |
| Denise E. Carlon | on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Laura M. Egerman | on behalf of Creditor Bridgecrest Acceptance Corporation laura.egerman@mccalla.com mccallaecf@ecf.courtdrive.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

District/off: 0312-1　　　　　　　　　　　　　　User: admin　　　　　　　　　　　　　　　　Page 2 of 2
Date Rcvd: Oct 08, 2025　　　　　　　　　　　Form ID: pdf903　　　　　　　　　　　　　Total Noticed: 1
TOTAL: 6