Order Filed on August 10, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

Matthew Fissel, Esq.
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Main Number: (215) 627-1322
mfissel@kmlawgroup.com
Attorneys for the Secured Creditor
MidFirst Bank

In re:
Parker G Becker aka Susan G Bacon aka Susan Gail Bacon
Debtor

Case No: 25-10297 JNP

Judge: Jerrold N. Poslusny Jr.

Chapter: 13

Recommend Local Form ☐ Followed ☐ Modified

# ORDER GRANTING MOTION FOR RELIEF FROM STAY

The relief set forth on the following page is hereby **ORDERED**.

**DATED: August 10, 2026**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Upon the motion of MidFirst Bank, under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the motion is granted and the stay is terminated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

■ Real Property More Fully Described as:

**Land and premises commonly known as 9 Pennsylvania Avenue, Stratford, NJ, 08084**

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the Property.

☐ Personal Property More Fully Described as:

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

It is further ORDERED that the movant shall be permitted to reasonably communicate with Debtor(s) and Debtor(s)' counsel to the extent necessary to comply with applicable non-bankruptcy law.

It is further ORDERED that the Trustee is directed to cease in making any further distributions to the Creditor.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.